# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TELEBRANDS CORP., <br><br> Plaintiff, <br><br> v. <br><br> BEACH SALES & ENGINEERING LLC and SPEEDY SWEEP, INC., <br><br> Defendants. | Civil Action No. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Telebrands Corp. ("Telebrands"), for its Complaint against Defendants Beach Sales & Engineering LLC ("Beach Sales") and Speedy Sweep, Inc. ("Speedy"), alleges as follows:

## THE PARTIES

1. Plaintiff Telebrands is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 79 Two Bridges Road, Fairfield, New Jersey 07004.

2. Upon information and belief, defendant Beach Sales is a corporation organized and existing under the laws of Ohio and having a principal place of business at 1500 West Fourth Street, Suite R, Mansfield, Ohio 44906. Upon information and belief, Beach Sales is doing business throughout the United States and within the State of New Jersey, and within this Judicial District.

3. Upon information and belief, Speedy Sweep Inc. is a corporation organized and

existing under the laws of the Commonwealth of Massachusetts, and has a place of business at 419 Kelsford Drive, Las Vegas, Nevada 89123.  Upon information and belief, Speedy Sweep is doing business throughout the United States and within the State of New Jersey, and within this Judicial District.

4. On information and belief, Beach Sales distributes its products, including the CYCLOMOP product, throughout the United States and the State of New Jersey, including this Judicial District, through its distributor, Speedy Sweep, Inc.

**NATURE OF CLAIMS, JURISDICTION AND VENUE**

5. This action arises under the Patent Laws of the United States (35 U.S.C. §1 *et seq*.).

6. Jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331, 1332(a)(1) and 1338(a) and (b).  The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

7. Venue is proper within this Judicial District under 28 U.S.C. Sections 1391(b) and (c).

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

8. Telebrands is a direct marketing company and, since 1987, has been engaged in the business of marketing and selling a wide variety of consumer products in this Judicial District and elsewhere, principally through direct response advertising and through national retail stores.  Telebrands is one of the recognized leaders in the direct response television marketing industry.  Telebrands' success is based in part by expending a large amount of money advertising products on television for direct response orders.  The television advertising creates a heightened brand awareness and recognition of the product among consumers who then purchase the

product in retail stores.

9. Telebrands markets and sells mop products under the trademarks HURRICANE®, SPIN MOP™ and/or TWIN SPIN™ (collectively, "the HURRICANE Products").

10. Telebrands has sold the HURRICANE Products since at least as early as 2012. The HURRICANE Products have been successful. Telebrands sells the HURRICANE Products through direct response channels to the general consuming public throughout the United States and within this Judicial District. Telebrands also sells the HURRICANE Products to consumers through major retailers throughout the United States and within this Judicial District.

11. Telebrands has exclusive rights to U.S. Patent No. 7,743,528, entitled "Dehydrating Device," which issued June 29, 2010 ("the '528 patent"). Telebrands' exclusive rights include, *inter alia,* the exclusive right to exclude the defendant in the United States. A copy of the '528 patent is attached as Exhibit A.

12. Telebrands has exclusive rights to U.S. Patent No. 8,132,287, entitled "Cleaning Device with Cleaning Means and a Frame Body," which issued March 13, 2012 ("the '287 patent"). Telebrands' exclusive rights include, *inter alia,* the exclusive right to exclude the defendant in the United States. A copy of the '287 patent is attached as Exhibit B.

13. Telebrands has exclusive rights to U.S. Patent No. 8,347,519, entitled "Drainer Basket Assembling Structure of Stepping Wringer Bucket," which issued January 8, 2013 ("the '519 patent"). Telebrands' exclusive rights include, *inter alia,* the exclusive right to exclude the defendant in the United States. A copy of the '519 patent is attached as Exhibit C.

**Defendants' Acts Of Infringement**

14. On information and belief, Defendants market and sells mop products under the name CYCLOMOP throughout the United States and within this Judicial District.

15. The CYCLOMOP products are competitive with Telebrands' HURRICANE Products and, on information and belief, are sold to consumers through the Internet and through distributors. Defendants are direct competitors of Telebrands in the market for mops.

16. The CYCLOMOP products infringe at least one claim of each of the '528 patent, the '287 patent and the '519 patent.

17. On information and belief, Defendants have had notice of the patents. On November 3, 2014, Telebrands sent letters to Beach Sales and to Speedy Sweep, providing notice that Telebrands has exclusive rights to the '528 patent, the '287 patent and the '519 patent, and that the CYCLOMOP product infringes at least one claim of each of the '528 patent, the '287 patent and the '519 patent.

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT NO. 7,743,528**

18. Telebrands repeats and realleges the allegations set forth in paragraphs 1-17 above, as though fully set forth herein.

19. This cause of action arises under Section 35 of the Patent Laws of the United States, 35 U.S.C. § 271.

20. The '528 patent is valid and enforceable.

21. By the acts alleged above, Defendants have made, used, offered to sell, sold and/or imported into the United States, and on information and belief, still are making, using,

offering to sell, selling, and/or importing into the United States, products that infringe directly or indirectly through contributory and/or induced infringement, at least one claim of the '528 patent, without Telebrands' authorization or consent.

22. On information and belief, Defendants' infringement has been willful, making this an exceptional case.

23. Defendants will, on information and belief, continue to infringe upon Telebrands' rights under § 271 of the Patent Act, unless and until they are enjoined by this Court. Telebrands has been and is likely to continue to be irreparably injured unless Defendants are enjoined. Telebrands has no adequate remedy at law.

**COUNT TWO**
**INFRINGEMENT OF U.S. PATENT NO. 8,132,287**

24. Telebrands repeats and realleges the allegations set forth in paragraphs 1-23 above, as though fully set forth herein.

25. This cause of action arises under Section 35 of the Patent Laws of the United States, 35 U.S.C. § 271.

26. The '287 patent is valid and enforceable.

27. By the acts alleged above, Defendants have made, used, offered to sell, sold and/or imported into the United States, and on information and belief, still are making, using, offering to sell, selling, and/or importing into the United States, products that infringe directly or indirectly through contributory and/or induced infringement, at least one claim of the '287 patent, without Telebrands' authorization or consent.

28. On information and belief, Defendants' infringement is and has been willful,

making this an exceptional case.

29. Defendants will, on information and belief, continue to infringe upon Telebrands' rights under § 271 of the Patent Act, unless and until they are enjoined by this Court. Telebrands has been and is likely to continue to be irreparably injured unless Defendants are enjoined. Telebrands has no adequate remedy at law.

## COUNT THREE
## INFRINGEMENT OF U.S. PATENT NO. 8,347,519

30. Telebrands repeats and realleges the allegations set forth in paragraphs 1-29 above, as though fully set forth herein.

31. This cause of action arises under Section 35 of the Patent Laws of the United States, 35 U.S.C. § 271.

32. The '519 patent is valid and enforceable.

33. By the acts alleged above, Defendants have made, used, offered to sell, sold and/or imported into the United States, and on information and belief, still are making, using, offering to sell, selling, and/or importing into the United States, products that infringe directly or indirectly through contributory and/or induced infringement, at least one claim of the '519 patent, without Telebrands' authorization or consent.

34. On information and belief, Defendants' infringement has been willful, making this an exceptional case.

35. Defendants will, on information and belief, continue to infringe upon Telebrands' rights under § 271 of the Patent Act, unless and until they are enjoined by this Court. Telebrands has been and is likely to continue to be irreparably injured unless Defendants are enjoined. Telebrands has no adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Telebrands demands judgment as follows:

a. Entering judgment in Telebrands' favor and against Beach Sales and Speedy Sweep on all claims and counterclaims;

b. Adjudging and decreeing that Beach Sales and Speedy Sweep have unlawfully infringed, contributorily infringed and/or induced infringement of the '528 patent, the '287 patent and the '519 patent;

c. Preliminarily and permanently enjoining Beach Sales and Speedy Sweep, their respective agents, factories, servants, employees and attorneys and all those acting in concert or participation with them from:

    1. importing, distributing, advertising, promoting, selling, or offering for sale the CYCLOMOP products and any other mop product that falls within the scope of any of the patents; and

    2. infringing the '528 patent, the '287 patent and the '519 patent.

d. Requiring Beach Sales and Speedy Sweep to pay Telebrands any damages Telebrands has suffered arising out of and/or as a result of their patent infringement, including Telebrands' lost profits, Defendants' profits and/or reasonable royalties for Defendants' patent infringement, and any other relief provided for in 35 U.S.C. § 284;

e. Awarding Telebrands its reasonable attorneys' fees because of the exceptional nature of this case, pursuant to 35 U.S.C. § 285;

f. Requiring Defendants to pay to Telebrands enhanced damages due to the exceptional nature of this case; and

    g.    Granting such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Telebrands demands a jury trial on all issues and claims so triable.

Respectfully submitted,

November 17, 2014        By *s/ Liza M. Walsh*
Liza M. Walsh
Hector Daniel Ruiz
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, NJ 07068
Tel.: (973) 535-0500
Fax: (973) 535-9217
lwalsh@connellfoley.com
hruiz@connellfoley.com

Tonia A. Sayour
Jeffrey L. Snow
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York  10112
Tel.: (212) 278-0400
Fax: (212) 391-0525
tsayour@cooperdunham.com
jsnow@cooperdunham.com

*Attorneys for Plaintiff*
*Telebrands Corp.*

Peter D. Murray (to be admitted *pro hac vice*)
Robert T. Maldonado (to be admitted *pro hac vice*)
Elana Araj (to be admitted *pro hac vice*)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, Telebrands, through its attorneys, certifies that the matter in controversy is also the subject matter of the following matter pending in this District before the Honorable Jose L. Linares, U.S.D.J: *Telebrands Corp. v. KGM Global, Inc.*, No. 2:14-cv-06566; and the following declaratory judgment action filed in the Northern District of Ohio, Eastern Division on November 14, 2014 before the Honorable Christopher A. Boyko, U.S.D.J. but not served yet: *Beach Sales & Engineering LLC v. Telebrands Corp.*, No. 1:14-cv-02516-CAB.

## **LOCAL CIVIL RULE 201.1 CERTIFICATION**

Pursuant to Local Civil Rule 201.1, Telebrands, through its attorneys, certifies that the above captioned matter is not subject to compulsory arbitration.